# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| EDWARD JAMES MOORE, | ) |
| Plaintiff, | ) |
| vs. | ) CIV. ACT. NO. 2:19-cv-294-TFM-MU |
| STEVE MARSHAL, ALABAMA ATTORNEY GENERAL, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

On January 24, 2020, the Magistrate Judge entered a Report and Recommendation which recommends Plaintiff's complaint be dismissed – some claims with prejudice and other claims without prejudice with leave to amend. *See* Doc. 30. No objections were filed. After due and proper consideration of all portions of this file deemed relevant to the issues raised, the Report and Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) is **ADOPTED as modified** as the opinion of this Court.

There are a few claims wherein the Magistrate Judge recommends dismissal with prejudice where the undersigned believes that dismissal without prejudice is more appropriate -- specifically, in footnotes 14, 30, 31, and 32. These relate to the claims against Defendant Raymond Fidel

With regard to the claims against Defendant Fidel, since the Court dismisses the claims for lack of personal jurisdiction, there should be no further analysis. *See Posner v. Essex Ins. Corp.*, 178 F.3d 1209, 1214 n. 6 (11th Cir. 1999) (citing *Arrowsmith v. United Press Int'l*, 320 F.2d 219, 221 (2d Cir.1963) and its statement that court should decide a 12(b)(2) motion before a 12(b)(6) motion because "a court without 12(b)(2) jurisdiction lacks power to dismiss a complaint for failure to state a claim"); *see also Sikhs v. Badal*, 736 F.3d 743, 751 (7th Cir. 2013) (For without

personal jurisdiction, a court has no authority to adjudicate a case on the merits.). Further, a dismissal for lack of personal jurisdiction is generally a dismissal without prejudice. "Merely because one court does not have jurisdiction over a dispute does not necessarily mean that another court is precluded from properly exercising jurisdiction over the matter. Moreover, if a court does not have jurisdiction over a matter, it cannot properly reach the merits of the case." *Intera Corp. v. Henderson*, 428 F.3d 605, 620-21 (6th Cir. 2005); *see also Loper v. Gulf Guar. Life Ins. Co.*, Civ. Act. No. 1:96-cv-29-CS, 1996 U.S. Dist. LEXIS 7036, *14 (May 17, 1996) (As the defendant has raised a successful challenge to personal jurisdiction under Rule 12(b)(2), the appropriate remedy is dismissal without prejudice.). Therefore, all claims against Raymond Fidel are dismissed <u>without prejudice</u>.

Further, the remaining claims referenced for a dismissal with prejudice rely upon statements that Plaintiff has not alleged facts establishing a claim. When "a more carefully drafted complaint" *might* state a claim, the plaintiff *must* be given a chance to amend. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (emphasis added). However, a district court need not allow an amendment where (1) "there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies" through prior amendments; (2) amending the complaint would prejudice the opposing party; or (3) "amendment would be futile." *Id*. In this case, the first two exceptions on the requirement to permit amendment are clearly inapplicable and the report and recommendation does not contain an analysis on futility and the Court cannot conclude based upon "belief" that Plaintiff cannot assert facts to support these claims. This was his first complaint with no prior amendments; however, the Court acknowledges that his 62-page handwritten complaint is not the model of clarity. Therefore, the Court will provide him an opportunity to amend his claims with the exception of those claims that the Court specifically dismisses with prejudice

(articulated below). Plaintiff is cautioned that he may not include claims that this Court already dismisses with prejudice.

Therefore, after due and proper consideration of all portions of this file deemed relevant to the issues raised, it is **ORDERED** as follows:

(1) The Report and Recommendation (Doc. 30) is **ADOPTED as modified**;

(2) The Motions to Dismiss (Docs. 7, 17, 24) are **GRANTED in part** and **DENIED in part** as to dismissal with prejudice.

(3) The alternative Motion to Compel (Doc. 7) and Motion for More Definite Statements (Docs. 7, 17) are **DENIED without prejudice** to refile if appropriate.

(4) The Motions to Dismiss are **GRANTED** as to the following claims which are **DISMISSED with prejudice**:

   a. Plaintiff's 42 U.S.C. § 1983 claims against Defendants Alabama Attorney General Steve Marshall and the Alabama Law Enforcement Agency ("ALEA") as barred by the Eleventh Amendment;

   b. Plaintiff's 42 U.S.C. § 12101 claims against Defendant Alabama Attorney General Steve Marshall.

(5) The Motions to Dismiss are **GRANTED** as to the dismissal of the remaining claims, but **DENIED** as to the request that the dismissal be with prejudice. Rather, the Court finds that **DISMISSAL without prejudice** as to the following:

   a. Plaintiff's claims against Defendant Raymond C. Fidel pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction;

   b. Any and all claims Plaintiff purports to assert against the Dallas County Commission and Chair Kim Ballard. However, Plaintiff is advised to carefully

consider (in light of his response to the motion to dismiss) that he should properly name the defendant he intends to make claims against and that these two defendants name above should only be included should he have claims directed against them with facts in support.

    c. Plaintiff's 42 U.S.C. § 12101 claims against Defendant ALEA.

    d. Plaintiff's claim under 15 U.S.C. § 1691 against DriveTime and/or Bridgecrest;

    e. Plaintiff's claims pursuant to 42 U.S.C. §§ 1981, 1983, and 1985(3) against DriveTime and/or Bridgecrest.

    f. Plaintiff's civil RICO claims pursuant to 18 U.S.C. § 1964(c);

    g. Plaintiff's breach of contract claims against DriveTime and/or Bridgecrest.

(6) Plaintiff's Complaint is found to be a shotgun pleading and therefore is due dismissal with the opportunity to amend those claims dismissed without prejudice. Plaintiff's *pro se* status affords him this one opportunity to amend and to provide an appropriate complaint as discussed in the report and recommendation. Plaintiff is directed to review the Court's website on filing without an attorney (found at https://www.alsd.uscourts.gov/filing-without-attorney).

(7) Plaintiff shall have **thirty (30) days** from the date of this order to file an amended complaint **in accordance with this order**. Plaintiff is cautioned to carefully review this Order and that any claims dismissed with prejudice may not be included. Further, no claims may be made against Defendant Raymond C. Fidel because this court lacks personal jurisdiction over him. Failure to comply with the terms of this order may result in the dismissal of his lawsuit.

(8) If no amended complaint is filed, final judgment pursuant to Fed. R. Civ. P. 58 shall issue at that time.

(9) This case is **REFERRED BACK** to the Magistrate Judge for any additional proceedings if necessary.

**DONE** and **ORDERED** this 9th day of March, 2020.

/s/Terry F. Moorer  
TERRY F. MOORER  
UNITED STATES DISTRICT JUDGE